IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DON WAYNE COOPER,                  §
                                   §
            Petitioner,            §
                                   §
v.                                 §        CIVIL ACTION NO. H-04-4450
                                   §
DOUG DRETKE,                       §
                                   §
            Respondent.            §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is TDCJ-CID Inmate Don Wayne Cooper's Petition for Writ of Habeas Corpus. The court has previously granted Cooper permission to proceed as a pauper and has ordered a response from Cooper's custodian. Respondent Doug Dretke has filed a Motion for Summary Judgment in which he argues that the petition should be dismissed as untimely. Docket Entry No. 19. Cooper has filed a response. Docket Entry No. 22. For the reasons provided below, the court will **GRANT** Dretke's motion for summary judgment and **DISMISS** Cooper's petition for writ of habeas corpus.

## I. Procedural History

In 1982, Cooper entered a guilty plea and was convicted of aggravated robbery and aggravated kidnaping, enhanced by a prior conviction, and was sentenced to forty-five years in prison. *State v. Cooper*, No. 355338 (184th Dist. Ct., Harris County, Tex., May 24, 1982). In this proceeding, Cooper challenges a parole revocation proceeding. Therefore a recitation of the procedural history of the direct appeal or post-conviction challenges to Cooper's actual conviction

and sentence is not necessary.  On May 28 1999, the Texas Board of Pardons and Paroles (BPP) granted Cooper a supervised release requiring him to abide by certain conditions.  *See* Parole Records in *Ex parte Cooper*, No. 12,877-05, at 284, (Docket Entry No. 20-13, at 35).  However, Cooper's parole was revoked on May 3, 2002.  *See* Hearing Report Processing Sheet, *Ex parte Cooper*, No. 12,877-05, at 302, (Docket Entry No. 20-14, at 13).

Cooper submitted three state habeas applications after his revocation.  His first application for writ of habeas corpus was dismissed on March 23, 2003, for noncompliance with the state appellate rules which requires state habeas applicants to set out their grounds and facts using a specified form.  *Ex parte Cooper*, No. 12,877-04, at cover.  *See* Tex. R. App. P. 73.2.

Cooper filed a second state habeas application on May 12, 2003.  *Ex parte Cooper*, No. 12,877-05, at 2, (Docket Entry No. 20-6, at 10).  The Texas Court of Criminal Appeals denied the application without a written order on findings of the trial court on January 28, 2004.  *Id.* at cover page, (Docket Entry No. 20-6, at 3).[1]

Cooper's third state habeas application was filed on February 16, 2004.  *Ex parte Cooper*, No. 12,877-07, at 2, (Docket Entry No. 20-17, at 38).  In that application, Cooper argued that his guilty plea to the underlying conviction was involuntary.  *Id*, at 7, (Docket Entry No. 20-18, at 3).  The Court of Criminal Appeals dismissed it as successive on June 30, 2004.  *Id*. at cover, (Docket Entry No. 20-17 at 33).  *See* Tex. Code Crim. Pro. art. 11.07 § 4.

The pending federal habeas action was filed on November 15, 2004.  *See* Petition, at 9, (Docket Entry No. 1, at 9).

---

[1]Cooper also filed an application for writ of mandamus which was denied on that same date. *Ex parte Cooper*, No. 12,877-06, at cover, (Docket Entry No. 20-16, at 3).

2

## II. <u>Claims</u>

Cooper asserts the following claims:

1.      The BPP improperly imposed a special condition on Cooper's release.

2.      The BPP violated the *ex post facto* clause by continuing Cooper's house arrest.

3.      The BPP violated the *ex post facto* clause by retroactively taking all prior good-time.

4.      The BPP violated separation of powers by "inventing 'SISP' punitive statute" and imposing the use of an electronic bracelet.

5.      The BPP improperly imposed sex offender counseling although Cooper had not been convicted of a sex offense.

6.      The BPP illegally modified Cooper's punishment.

7.      The BPP violated Cooper's confrontation rights by not producing adverse witnesses at the revocation hearing.

## II. <u>Standards of Review</u>

A. <u>Summary Judgment</u>

The respondent has filed a motion for summary judgment contending that the petition is time-barred.  In support of his motion, the respondent has submitted Cooper's parole records and his state habeas records.  A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Vega v. National Life Ins. Services, Inc.*, 145 F.3d 673, 675 (5th Cir. 1998).  In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the nonmovant, but only if the parties have introduced evidence showing that an actual controversy exists.  *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).  The burden is on the movant to convince the

court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2554 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2553-54; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986).

B. <u>28 U.S.C. § 2254 One-Year Statute of Limitations</u>

This action is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

## IV. Analysis

This action falls under 28 U.S.C. § 2244(d)(1)(D) because it concerns events that occurred after Cooper's conviction was final. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Under that section, the limitation period commences on the date the factual predicate of the claims could have been discovered. *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). In the present action, the period commenced on May 3, 2002, when the BPP issued its order that Cooper's parole was revoked, because Cooper was aware or, with due diligence, should have been aware of the factual predicate of his claims on that date. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Kimbrell*, 311 F.3d at 363-64. *See also Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) ("[Petitioner] was aware of the potential for revocation of his mandatory supervision and resultant loss of good time credits well before his revocation hearing, but in any event the very latest he could or should have been aware of those facts was when the parole board revoked his mandatory supervision."), slip op. at 5 (Table No. 00-10408). Therefore, Cooper needed to file a federal habeas petition on or before May 3, 2003, unless he filed a state habeas application first.

Cooper's state habeas applications do not toll the limitations period. The first was dismissed because it did not comply with Texas court procedures. *See Larry v. Dretke*, 361 F.3d 890 (5th Cir

5

2004) (application must be in compliance was all applicable laws), *citing Artuz v. Bennett*, 121 S.Ct. 361 (2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 260-61 (5th Cir. 2002) ("properly filed application must meet all requirements").   The second and third applications are of no avail because they were filed after the date the one-year period expired.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, Cooper's federal habeas petition was filed well after the period had expired.

Cooper's habeas petition is time barred under the standards set forth in AEDPA's statutory provisions.  Liberally construed, his pleadings fail to present any rare and exceptional circumstances, such as intentional deception, which demonstrate that he is entitled to equitable tolling.   *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).  Therefore, the respondent's motion for summary judgment shall be granted.  28 U.S.C. § 2244(d).

## IV. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beasley*, at 263, *quoting Slack*, 120 S.Ct. at 1604; *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  This court concludes that Cooper is not entitled to a COA under the applicable standards.  *See* 28 U.S.C. § 2253(c).

## V. Conclusion

The court **ORDERS** the following:

1.    Cooper's motions seeking broad discovery and  disclosure (Docket Entry Nos. 14, 15, 17, 18, and 24) are **DENIED**.  *See Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997).

2.    The motions for extensions of time (Docket Entry Nos. 16 and 23) are **GRANTED**.

3.    The respondent's Motion for Summary Judgment (Docket Entry No. 19) is **GRANTED**.

4.    This action is **DISMISSED**, with prejudice.

5.    A certificate of appealability is **DENIED**.

**SIGNED** on this 30th day of March, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE